UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                              Case No.  04-80903

v.                                           Honorable Victoria A. Roberts
                                                   Magistrate Judge R. Steven Whalen

OSCAR MALONE,

       Defendant.
_____/

**OPINION AND ORDER**

Before the Court is Defendant Oscar Malone's motion for a subpoena under Fed.R.Crim.P. 17( c ).[1] Specifically, Defendant asks the Court to issue a Rule 17 subpoena for the internal disciplinary files of the following Detroit police officers: Sgt. Marlene Sanders, Officer John Dembinski, Officer Jaime Ibarra, Officer Shawn Reed, Officer Larry Williams, and Officer Aaron Yopp. These officers all participated in the Defendant's arrest, which arose out of the execution of a search warrant at 13930 Alma in the City of Detroit on

---

[1]Although the government has filed a response in opposition to this motion, the requested subpoenas are not directed at the government, but at the Detroit Police Department, a non-party. Therefore, the government does not have standing to contest the subpoenas. *See United States v. Tomison*, 969 F.Supp. 587, 595-96 (E.D. Cal. 1997); *United States v. Nachamie*, 91 F.Supp.2d 552, 561 (S.D.N.Y. 2000). Nevertheless, "[a]s the Supreme Court has explained, it is the responsibility of the court, not the opposing party, to ensure that a subpoena secured under Rule 17 ( c ) is for a proper purpose." *Id.*

-1-

October 19, 2004. Defendant is charged with being a felon in possession of a firearm, 18 U.S.C. §922(g); possession of a firearm in furtherance of a drug trafficking offense, 18 U.S.C. §924( c ); and possession with intent to distribute marijuana, 21 U.S.C. §841(a)(1).

## I.  LEGAL PRINCIPLES

Fed.R.Crim.P. 17 ( c )(1) provides as follows:

"A subpoena may also command the person to whom it is directed to produce the books, papers, documents or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them."

In *United States v. Nixon*, 418 U.S. 683, 699, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974), the Court held that a Rule 17 subpoena requires a showing that (1) the requested documents are evidentiary and relevant; (2) they are not otherwise procurable, with due diligence, in advance of trial; (3) the requesting party cannot properly prepare for trial without production and inspection before trial; and (4) the request is made in good faith and is not intended as a general "fishing expedition." Together, factors (1) and (4) establish that Rule 17( c ) is not intended to provide a means of discovery supplemental to that provided by Fed.R.Crim.P. 16. Rather, the documents at which the subpoena is directed must meet all the tests for admissibility under the Federal Rules of Evidence. *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220, 71 S.Ct. 675, 95 L.Ed. 879 (1951). The burden is on the party requesting the subpoena to show the evidentiary nature of the material, including its relevance and admissibility, with specificity. *United States v. Skeddle*, 178 F.R.D. 167, 168 (N.D. Ohio 1996).

Documents which would be admissible to impeach a witness fall within the evidentiary standard of *Nixon* and *Bowman*, and may be subpoenaed under Rule 17 ( c ). *United States v. Cuthbertson*, 630 F.2d 139, 144-45 (3d Cir. 1980), *cert. denied* 449 U.S. 1126 (1981); *United States v. Compton*, 28 F.3d 1214 (Table), 1994 WL 328303 (6th Cir. 1994). However, because impeachment material does not acquire evidentiary value until the witness testifies at trial, such material, although subject to a Rule 17 ( c ) subpoena, is generally not subject to *pretrial* production and inspection. *Cuthbertson*, 630 F.2d at 144-45; *Nixon*, 418 U.S. at 701; *United States v. Hughes*, 895 F.2d 1135, 1146 (6th Cir. 1990). Nevertheless, this general rule against pretrial production of impeachment evidence is not without exception. "[W]here it is known with certainty before trial that the witness will be called to testify, the admissibility determination, within the meaning of *Nixon*, can be made before trial, and the statements properly may be considered evidentiary." *United States v. King*, 194 F.R.D. 569, 574 (E.D. Va. 2000). In such case, the rationale for prohibiting pretrial disclosure dissolves. Ultimately, the question of pretrial disclosure of impeachment documents (or for that matter, any documents) pursuant to a Rule 17 ( c ) subpoena is addressed to the discretion of the trial court. *Id.*; *Nixon*, 418 U.S. at 702.

## II.   ANALYSIS

Defendant seeks a Rule 17 ( c ) subpoena compelling the production of the disciplinary files of six Detroit police officers. In his written pleadings, Defendant argued that the files were likely to contain evidence which could be used to impeach the trial testimony of these officers. At oral argument on this Motion, Defendant also argued that to

the extent the officers' records showed a pattern of making false reports, those records would be admissible as substantive evidence under Fed.R.Ev. 404(b) (Tr. 7-22-05, p. 9).

### A.   Impeachment Evidence

It is important to note that this is not a case where the requested material–the police officers' disciplinary files–would contain statements regarding the facts of the charged offense.  At best–from Defendant's perspective–they would document past bad conduct, such as making false reports, fabricating evidence or other chicanery having no direct bearing on this case.  Thus, if the officers were to deny, for example, that they had been disciplined for making false police reports, documents to the contrary would constitute extrinsic evidence offered to impeach a witness on a collateral matter, which is prohibited by Fed.R.Ev. 608(b). *See United States v. Quinn*, 230 F.3d 862, 867 (6th Cir. 2000).  Having failed the first part of the *Nixon* test–a showing that the subpoenaed material constitutes admissible evidence–Defendant is not entitled to a Rule 17 ( c ) subpoena directed at any of the disciplinary files for purposes of impeachment.

### B.   Rule 404(b) Evidence

Officers Ibarra, Reed, Williams and Yott were among the police officers who participated in the raid at the Alma Street location, where Defendant was arrested.  However, Defendant has not specified any basis to believe that the personnel files of any of these four individuals contain untoward information which might constitute evidence of "other crimes, wrongs, or acts" which would be admissible as substantive evidence under Fed.R.Ev.

404(b).[2] Instead, the Defendant's request for a Rule 17 ( c ) subpoena as to these officers, lacking the required specificity under *Nixon*, is more in the nature of a discovery request. The "mere hope" that exculpatory material might turn up is insufficient to justify the issuance of a Rule 17 ( c ) subpoena. *Cuthbertson, supra*, 630 F.2d at 146 ("Courts must be careful that rule 17 ( c ) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed.R.Crim.P. 16").

However, Defendant has made a significantly stronger showing as to Sgt. Sanders and, especially, Officer Dembinski. Defendant states that Sgt. Sanders is the defendant in a Wayne County, Michigan Circuit Court suit which alleges "that after Detroit police officers shot an individual, she participated in a cover up by fabricating the facts surrounding the shooting. *See Parker v. City of Detroit, et.al.*, 99-938893." *Defendant's Reply to Government's Response*, p.2. Officer Dembinski is the defendant in a civil suit in this Court brought pursuant to 42 U.S.C. §1983 (*Blanks v. City of Detroit, et.al.*, Docket No. 04-CV-74571), and was found liable as a defendant in a previous §1983 suit in this Court (*Parker v. City of Detroit, et.al.*, Docket No. 99-CV-938893). Defendant has offered much more than mere speculation or hope that the personnel files of these two officers might contain relevant 404 (b) evidence. *See United States v. Compton*, *supra* at **3 (subpoenas were "reasonably calculated" to produce relevant evidence, and therefore "were not an invalid 'fishing

---

[2]Rule 404(b) provides that such evidence, while not admissible to prove character, "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

expedition'"); *Nixon*, 418 U.S. at 700 (Watergate special prosecutor given president's audio tapes because he had shown a "sufficient likelihood" that they contained relevant evidence).

The Defendant has articulated a substantial possibility that the requested documents contain admissible 404(b) evidence, and therefore the Court is not inclined to deny the request for a subpoena outright. At the same time, however, the Court does not have sufficient information to make a fully informed and confident exercise of its discretion to grant the subpoena. In this case, the solution is to order an *in camera* review of the material, as contemplated in the plain language of Rule 19 ( c ) ("The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them."). *See also United States v. Arditti*, 955 F.2d 331, 347, fn.9 (5th Cir. 1992)(concurring opinion of Goldberg, J.), and cases cited therein for the proposition that *in camera* review is the preferred method to assess whether the documents meet the *Nixon* criteria for a Rule 17 ( c ) subpoena. Therefore, the Court will order that the Detroit Police Department disciplinary files of Sgt. Sanders and Officer Dembinski be produced for *in camera* inspection, after which the Court will decide whether the Defendant (and the government) will be entitled to inspect all or part of them.

### III.   CONCLUSION

For these reasons, IT IS ORDERED that the Motion for Rule 17 ( c ) Subpoena as to Officers Ibarra, Reed, Williams and Yopp is DENIED.

IT IS FURTHER ORDERED that within 14 days of the date of this Order, the Detroit Police Department will provide to this Court the internal disciplinary records of Sgt. Marlene Sanders and Officer John Dembinski for *in camera* review, following which the Court will enter an order determining whether a Rule 17 ( c ) subpoena will issue for those records.

IT IS FURTHER ORDERED that nothing in this Opinion and Order shall in any way limit or otherwise affect the government's obligation to produce for the Defendant any exculpatory or impeachment information under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and *Giglio v. United States*, 405 U.S. 150, 154-55, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

    S/R. Steven Whalen
    R. STEVEN WHALEN
    UNITED STATES MAGISTRATE JUDGE

Dated: October 25, 2005

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on October 25, 2005.

    S/Gina Wilson
    Judicial Assistant